# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 09-04540 |
| | Chapter 11 |
| MAYAGUEZ ADVANCED RADIOTHERAPY CENTER | Adversary No. 10-00150 |
| Debtor(s) | |

**MAYAGUEZ MEDICAL CENTER DR RAMON EMETERIO BETANCES INC**

Plaintiff

vs.

**MAYAGUEZ ADVANCED RADIOTHERAPY CENTER**

Defendant

## OPINION AND ORDER

This proceeding is before the Court upon Plaintiff's Motion for Reconsideration for Additional and Amended Findings of Fact [Dkt. No. 128] and the Defendant's Opposition to the Plaintiffs' motion [Dkt. No. 145]. In essence, the Plaintiff requests that the Court reconsider its findings of facts entered on March 12, 2012 [Dkt. No. 121], under the Federal Rules of Bankruptcy Procedure 7052 and Federal Rules of Civil Procedure 52. These findings of facts pertain to a complaint filed by Mayaguez Medical Center Dr. Emeterio Betances, Inc. ("Plaintiff") against Mayaguez Advanced Radiotherapy Center ("Defendant") on September 16, 2010 for declaratory

judgment, collection of monies, and injunctive relief under 28 U.S.C. § 2201. For the reasons set forth below, the Plaintiff's Motion for Additional and Amended Findings of Fact is hereby denied.

## II. STANDARD OF REVIEW

Rule 52(b) permits "the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." National Metal Finishing Company v. Barclays American Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990). Rule 52(b) motions apply only when a party demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence. In re Braithwaite, 197 B.R. 834, 835 (Bankr. N.D. Ohio 1996) (citing, Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986)). "A motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" In re Novak, 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (citing Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D.Fla. 1994)). Manifest error is defined as "an error that is obvious and indisputable and that warrants reversal on appeal". Merriam-Webster's Dictionary of Law (1st ed. 2001).

Motions to amend should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits," Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). Rule 52(b) was not created to allow litigants to relitigate old issues. National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

## III. DISCUSSION

Rule 52(b) is not intended to allow litigants to prosper by recounting arguments that were previously heard and rejected by the court. In this case, none of the Plaintiff's proposed amendments

demonstrate that the original findings contain a manifest error, and all of the proposed additions were previously heard at trial and rejected by this Court. The Plaintiff does not argue that it is presenting newly discovered evidence, and its proposed amendments and additions do not demonstrate a manifest error of law or fact.

In addition, the proposed amendments and additions fall outside the scope of the trial. The scope of this trial was limited to determining whether the contract between the parties was validly terminated. This Court found that the Plaintiff did not follow the termination procedure that was clearly established contractually. None of the Plaintiff's proposed amendments or additions pertain to the process that the Plaintiff used to terminate the contract. Therefore, they are not essential findings for the judgment made by this Court.

Because the Plaintiff has failed to establish a manifest error - and because the proposed additional findings of fact were previously heard at trial and rejected by this Court - the court finds that the Plaintiff is not entitled to reconsideration under F.R.B.P., Rule 7052 or F.R.C.P., Rule 52(b).

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Reconsideration for Additional and Amended Findings of Fact shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 11th day of June, 2012.

Brian K. Tester
U.S. Bankruptcy Judge