# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-04540** |
| | **Chapter 11** |
| **MAYAGUEZ ADVANCED RADIOTHERAPY CENTER** | **Adversary No. 10-00150** |
| **Debtor(s)** | |
| **MAYAGUEZ MEDICAL CENTER DR RAMON EMETERIO BETANCES INC** | |
| **Plaintiff** | |
| **vs.** | |
| **MAYAGUEZ ADVANCED RADIOTHERAPY CENTER** | |
| **Defendant** | |

## OPINION AND ORDER

This proceeding is before the Court upon Defendant's Motion for Reconsideration in Relation to Additional Findings of Fact and Conclusions of Law [Dkt. No. 131] and the Plaintiff's Opposition to the Defendant's Motion [Dkt. No. 142]. In essence, the Defendant requests that the Court reconsider its findings of facts and conclusions of law entered on March 12, 2012 [Dkt. No. 121], under Federal Rules of Bankruptcy Procedure 7052 and Federal Rules of Civil Procedure 52. These findings of fact pertain to a complaint filed by Mayaguez Medical Center Dr. Emeterio Betances Inc., ("Plaintiff") against Mayaguez Advanced Radiotherapy Center ("Defendant") on September 16, 2010, for declaratory judgment, collection of monies, and injunctive relief under 28

U.S.C. § 2201. For the reasons set forth below, the Defendant's Motion for Reconsideration in Relation to Additional Findings of Fact and Conclusions of Law is hereby denied.

## II. STANDARD OF REVIEW

Rule 52(b) permits "the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." National Metal Finishing Company v. Barclays American Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990). Rule 52(b) motions apply only when a party demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence. In re Braithwaite, 197 B.R. 834, 835 (Bankr. N.D. Ohio 1996) (citing Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986)). "A motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" In re Novak, 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (citing Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D.Fla. 1994)). Manifest error is defined as "an error that is obvious and indisputable and that warrants reversal on appeal". Merriam-Webster's Dictionary of Law (1st ed. 2001).

Motions to amend should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits," Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). Rule 52(b) was not created to allow litigants to relitigate old issues. National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

## III. DISCUSSION

In the Defendant's Motion for Reconsideration in Relation to Additional Findings of Fact and Conclusions of Law, the Defendant did not demonstrate the existence of manifest errors of law or

fact in this Court's original findings. Also, the Defendant did not present newly discovered evidence.

Most of the proposed changes fall outside the scope of the trial. The trial was limited to determining whether the Plaintiff validly terminated its contract with the Defendant. Therefore, the trial was limited to the issue of liability. All of the Defendant's proposed conclusions of law and most of the Defendant's proposed additional findings of fact do not pertain to the procedure that was utilized by the Plaintiff to terminate the contract. The proposed additional fact (Dkt. No. 131, page 5, letter - l) is the only proposed fact that pertains to the termination procedure, but this proposed fact is actually a conclusion of law - a conclusion of law that was already adopted by this Court in its March 12, 2012 Opinion and Order.

Rule 52(b) is not intended to allow litigants to prosper by recounting arguments that were previously heard and rejected by the court. All of the proposed additions were previously heard at trial, and none of the Defendant's proposed amendments demonstrate that the original findings of facts and conclusions of law contain a manifest error.

Because the Defendant has failed to establish a manifest error - and because the proposed findings of fact and conclusions of law were previously heard at trial - this Court finds that the Defendant is not entitled to reconsideration under F.R.B.P., Rule 7052 or F.R.C.P., Rule 52(b).

WHEREFORE, IT IS ORDERED that Defendants' Motion for Reconsideration in Relation to Additional Findings of Fact and Conclusions of Law shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 11th day of June, 2012.

Brian K. Tester
U.S. Bankruptcy Judge